## SAMUEL WEED *vs.* JOSEPH F. JEWETT & Trustees.

A letter of attorney to receive all the money due from A. to the constituent, and to give a discharge therefor in the constituent's name, with a clause stating that this is " an assignment of the same," constitutes an assignment of the debt to the attorney, though the letter is not in terms irrevocable and does not expressly authorize the attorney to receive the money to his own use.

A debtor, who is employed in the service of a third person, may lawfully assign to one of his creditors his future earnings in such service ; and if the employer thereupon agrees to pay the same to the assignee, he cannot, after the services are rendered, be charged as the trustee of the assignor in a trustee process sued out by another of his creditors.

FROM the answer of the Chicopee Manufacturing Company, who were summoned as trustees of Jewett, the principal defendant, it appeared that he, on the 2d of March 1839, signed and sealed the following instrument : " Know all men, &c. that I, Joseph F. Jewett, of Springfield, &c. do hereby constitute and appoint David M. Bryant, of said Springfield, my sufficient and lawful attorney, for me and in my name to ask for, receive, demand and receipt for, all sums of money that may now be due to me, or may hereafter become due to me, from the Chicopee Manufacturing Company, for labor performed in their service, and for board of persons in their employ ; and on the receipt thereof, acquittances or other sufficient discharges for the same, for me and in my name to make and deliver, and to do all lawful acts and things whatsoever concerning the premises, as full in every respect as I myself might or could do, if I were personally present :   This being an assignment of the same." It further appeared from said answer, that " said company consented and became a party to said assignment, and promised to pay the wages and credits, as aforesaid, to said Bryant : " That the service of the trustee process upon the company was made on the 12th of March 1839 ; and that there was, at that time, in the hands of the company, a " balance for labor and credits of the said Jewett, of $ 111·59, subject to the order of said Bryant."

In the court of common pleas, Bryant was admitted as a claimant, under the instrument above set forth, and *Cummins*, J. ordered that the trustees should be discharged.   To this order the plaintiff alleged exceptions.

It was taken as a fact, in the arguments of counsel, in this court, that Jewett was indebted to Bryant, at the time the aforesaid instrument was executed, in the sum of $197·10

*R. A. Chapman*, for the plaintiff.

*J. W. Newcomb*, for the trustees.

PUTNAM, J. The plaintiff claims to recover the money due from the Chicopee Manufacturing Company, in virtue of a process of foreign attachment; and David M. Bryant claims the same by force of a power and assignment.

It appears that Jewett (the debtor) was a laborer employed by the company, and that he, by an instrument under his hand and seal, appointed Mr. Bryant to be his lawful attorney, "for me" (as it is expressed) "and in my name to ask for, receive, demand and receipt for, all sums of money that may now be due to me, from the Chicopee Manufacturing Company, &c. for labor performed in their service," &c. "this being an assignment of the same." It was contended, on the part of the plaintiff, tha this should be construed to be a mere authority to receive the money for the constituent, and not an assignment of the same That it was misnamed an assignment; but that the legal effect of the instrument is a power without an interest. But we cannot think so. The instrument authorizes Bryant to receive and discharge the debt, and then declares, in effect, what shall be done with the money. No particular form of words is necessary to constitute an assignment. It may be quite sufficient to transfer the property, although the word "assign" should not be used. In *Gerrish* v. *Sweetser*, 4 Pick. 374, a power irrevocable to re cover, &c., in the name of the constituent, but for the use of the attorney, was held to be an assignment. In the instrument under consideration, it is not said, in so many words, that the power should be or was irrevocable; but that quality would necessarily be inferred, if the property was by the deed intended to be transferred. The grantor or assignor could not revoke it; but on the contrary the courts of law would now protect it, and sustain an action in the name of the assignor, for the benefit of the assignee. See 19 Wend. 74.

It is not said, in so many words, that the attorney might receive

the money for his own use ; but that is necessarily to be inferred from the words which were used ; viz. that the instrument was an assignment ; and if so, the assignee of course was to have the property for his own use.

But it was contended, that there was no consideration expressed in the instrument, and so that it should be considered as void — certainly against creditors. But it has been repeatedly held, that parol proof of the consideration may be given, although it be not expressed. And in the case at bar, the debt of the assignor, which was due to the assignee at the time of the assignment, to an amount exceeding the claim assigned, is to be considered a good and legal consideration for the transfer. And it appears from the answer of the agent of the company, that they assented to the arrangement which was made, as above stated, between Bryant and his debtor. They undertook to pay to Bryant all the money due, and all that should become due, for the labor, &c. of the debtor. A payment to the debtor afterwards would have been ineffectual. Bryant only could give a valid discharge for it to the company.

But it was argued for the plaintiff, that as the instrument was dated on the 2d of March 1839, and the writ was served on the 12th, no part of the debt, which accrued between the 2d and the 12th, could be covered by the assignment.

The case stands thus, in relation to that point. Jewett was indebted to Bryant, and he agreed to work for Bryant's account, at the factory of the company, and they agreed to pay Bryant accordingly. This was a proper subject of contract or agreement, and when the labor was performed, the company were bound to pay according to their undertaking.

*Trustees discharged.*